IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3099-K-BN |
| | § | |
| ANGEL O. TORRES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Michael D. Jones filed a *pro se* complaint against Defendant Angel O. Torres that appears to be an attempt to appeal a decision of the state court of appeals. *See* Dkt. No. 3. United States District Judge Ed Kinkeade referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And, because Jones neither paid the filing fee nor moved for leave to proceed *in forma pauperis* (IFP) as to this new lawsuit, the Court entered a notice of deficiency. *See* Dkt. No. 6.

In response, Jones filed an IFP motion. *See* Dkt. No. 10. And the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the motion and order Jones to pay the $405 filing fee within 21 days of any order accepting or adopting this recommendation (or within some other reasonable time to be set by the Court), and, if he fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

**Legal Standards**

The IFP statute, 28 U.S.C. § 1915, "was designed to ensure that litigants would not be deprived of meaningful access to the federal judicial system due to their financial circumstances." *Bucklew v. St. Clair*, No. 3:18-cv-2117-N-BH, 2019 WL 2250886, at *2 (N.D. Tex. May 15, 2019) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *rec. accepted*, 2019 WL 2249718 (N.D. Tex. May 24, 2019). But, to gain access, "[a] litigant seeking IFP status must submit an affidavit identifying all assets he possesses, as well as a statement that he is unable to pay the necessary fees of bringing a federal civil action." *Smith-Garcia v. Harrison Cnty.*, 776 F. App'x 226, 227 (5th Cir. 2019) (per curiam) (citing 28 U.S.C. § 1915(a)(1)).

The Court must then examine the financial condition of the applicant in order to determine whether the payment of fees would "cause undue financial hardship." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). "This entails a review of other demands on individual [applicants'] financial resources, including whether the expenses are discretionary or mandatory." *Id.* And, while "[t]he term 'undue financial hardship' is not defined and, therefore, is a flexible concept[,] ... a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" *Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tex. Oct. 30, 2008) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also Williams v. Louisiana*, Civ. A. No. 14-00154-BAJ-EWD, 2017 WL 3124332, at *1 (M.D. La. Apr. 14, 2017) (noting that the applicable standard "requires

a showing of more than an inconvenience to the applicant" (citations omitted)).

"[W]hether the litigant is 'unable to pay' the costs [associated with initiating a lawsuit also] ... depend[s] in part on [the] litigant's actual ability to get funds from a spouse, a parent, an adult sibling, or other next friend." *Williams v. Spencer*, 455 F. Supp. 205, 209 (D. Md. 1978); *see Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." (citations and internal quotation marks omitted)); *accord Pisano v. Astrue*, No. 11-30269-KPN, 2012 WL 79188, at *2 (D. Mass. Jan. 10, 2012) (collecting cases).

And a financial affidavit that is either "incomplete" or "internally inconsistent" is insufficient to find that a movant qualifies for leave to proceed IFP. *Muhammad v. La. Attorney Disciplinary Bd.*, Civ. A. No. 09-3431, 2009 WL 3150041, at *2 (E.D. La. Sept. 25, 2009) (citing *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976) ("[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question ... of whether the asserted claim is frivolous or malicious."); collecting cases).

## Discussion

The IFP motion Jones filed is internally inconstant where he reports monthly income of more than $5,000 but also reports that his monthly expenses exceed $16,000 and reports no meaningful savings to cover this monthly shortfall. *See*

*generally* Dkt. No. 10. And his reported expenses include significant monthly outlays that do not correspond to the necessities of life, such as $600 per month for clothes or $200 per month for laundry and dry-cleaning. *See id.* at 4.

Considering the IFP motion as filed – and that Jones reports more than $5,000 in monthly income and no dependents – the undersigned cannot recommend that the IFP motion be granted consistent with the legal standards set out above.

### Recommendation

The Court should deny Plaintiff Michael D. Jones leave to proceed *in forma pauperis*, *see* Dkt. No. 10, and order that he pay the $405 filing fee within 21 days of any order accepting or adopting this recommendation (or within some other reasonable time to be set by the Court), and, if he fails to do so, the Court should dismiss this action without prejudice under Federal Rule of Civil Procedure 41(b) without further notice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 10, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE