IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MICHAEL D. JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-3099-K-BN |
| | § | |
| ANGEL O. TORRES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

In this lawsuit referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ed Kinkeade, the Court denied Plaintiff Michael D. Jones leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. *See* Dkt. No. 13.

Jones then paid the filing fee. And, so, the Court set March 10, 2025, ninety days after filing, as his deadline to perfect service under Federal Rule of Civil Procedure 4(m). *See* Dkt. No. 15.

Jones requested a summons and filed tracking documents and receipts from the United States Postal Service. *See* Dkt. Nos. 17, 19. And on March 19, 2025, Jones filed a motion for default judgment. *See* Dkt. No. 20. Jones has also previously filed a construed motion for judicial relief [Dkt. No. 8] and two construed motions for leave to amend [Dkt. Nos. 9, 18].

And the undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court

should deny the request for a default judgment and dismiss this lawsuit with prejudice.

## Legal Standards

When a defendant has "failed to plead or otherwise defend" an action, the Court may enter a default judgment if the plaintiff establishes the following prerequisites: (1) the defendant was served with the summons and complaint and default was entered; (2) the defendant is not "a minor or incompetent person"; and (3) the defendant is not in the military. FED R. CIV. P. 55(b)(2); *see also* 50 U.S.C. § 3931(a), (b) (providing "[p]rotection [for] servicemembers against default judgments").

In this circuit, there is a required three-step procedure to obtain a default judgment: (1) default by the defendant; (2) entry of default by the Clerk of the Court; and (3) entry of default judgment by the district court. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (defining "the terms regarding defaults").

Even though the United States Court of Appeals for the Fifth Circuit favors resolving cases on their merits rather than granting default judgments, this preference is "counterbalanced by considerations of social goals, justice, and expediency, a weighing process [that] lies largely within the domain of the trial court's discretion." *Rogers v. Hartford Life & Accident Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999).

In consideration of these competing preferences, the Court takes a two-part approach in determining whether to grant entry of default judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) (requiring a

"sufficient basis in the pleadings for the judgment entered"); *see also Lindsey v. Price Corp.*, 161 F.3d 886, 893 (5th Cir. 1998) (stating "relevant factors" in determining whether default judgment is appropriate).

First, the Court considers the following six non-exhaustive factors to decide whether default judgment is appropriate: (1) "whether the default was caused by a good faith mistake or excusable neglect"; (2) "whether there has been substantial prejudice"; (3) "the harshness of a default judgment"; (4) whether there are "material issues of fact"; (5) "whether the grounds for a default judgment are clearly established"; and (6) whether the Court would be "obliged to set aside the default on the defendant's motion." *Lindsey*, 161 F.3d at 893.

And default judgment may be appropriate where a defendant fails to follow court orders. *See McGrady v. D'Andrea Elec., Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (upholding a default judgment due to a defendant's "delay and failure to comply with court rules").

Next, the Court must assess the merits of the plaintiff's claims and find a "sufficient basis in the pleadings for the judgment entered." *Nishimatsu*, 515 F.2d at 1206; *see also Escalante v. Lidge*, 34 F.4th 486, 493 (5th Cir. 2022) ("[E]ven if a defendant defaults, a court may still deny default judgment if the plaintiff has failed to state a claim on which relief can be granted." (citing *Lewis v. Lynn*, 236 F.3d 766, 767-68 (5th Cir. 2001) (per curiam))).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must "contain a short and plain statement of the claim showing the pleader is entitled to relief." FED R. CIV.

- 3 -

P. 8(a)(2).

This requirement "give[s] the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

By defaulting, the defendant is deemed to admit "the plaintiff's well-pleaded allegations of fact" and is not deemed to "admit allegations that are not well-pleaded or to admit conclusions of law." *Nishimatsu*, 515 F.2d at 1206.

The factual allegations, assumed to be true, need only "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. So detailed allegations are not required, but "the pleading must present more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"A default judgment … establishes the defendant's liability. But it does not establish the amount of damages." *United States v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987).

So, "in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing … [except] where the amount claimed is a liquidated sum or one capable of mathematical calculation." *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). A sum capable of mathematical calculation is one that can be "computed with certainty by reference to the pleadings and supporting documents alone." *Id.* at 311. Thus, affidavits submitted to support a claim for mathematically calculable damages "must be sufficiently detailed to establish necessary facts." *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).

Two other caveats also apply. "[A] 'party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default.' In fact, '[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.'" *Lewis*, 236 F.3d at 767 (citations omitted). And, before it may enter default judgment, "the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001) (quoting *Williams v. Life Savings & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) (federal courts have independent duty to examine their own subject matter jurisdiction).

## Analysis

Although it is not clear that Jones has properly served Torres, even if Torres has been properly served, the allegations in Jones's complaint do not support default judgment. And, so, the Court may not enter a default judgment.

As set out above, a default judgment need not be supported by detailed factual allegations – just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of

entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

And, so, in support of default judgments, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

But before considering plausibility, a district court must confirm that the complaint sets forth allegations that plausibly establish that it possesses subject

- 6 -

matter jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Jones's original complaint is a copy of the memorandum opinion and judgment by the Texas Fifth Court of Appeals dismissing an appeal as well as other documents from that state appeal. *See* Dkt. No. 3. It appears that Jones is attempting to appeal the state appellate decision to this Court. But "federal district courts, as courts of

original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts." *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (quoting *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)). So this Court does not have jurisdiction over any appeal of Jones's state court case against Torres.

And, although Jones has filed two documents construed as motions to amend [Dkt. Nos. 9, 18], the amendments also do not support a default judgment. Because the complaint had not been served at the time of the first motion for leave to amend, Jones was entitled to one amendment as a matter of course. FED. R. CIV. P. 15(a). And the undersigned had ordered Jones to file an amended complaint by January 16, 2025. *See* Dkt. No. 6 at 2, 6-7. But, even if the undersigned assumes that the construed motion for judicial relief [Dkt. No. 8] or the first construed motion for leave to file an amended complaint [Dkt. No. 9], both filed on January 7, 2025, should be construed as an amended complaint, Jones's complaint remains deficient.

Neither document sets out sufficient factual allegations to support any claims. *See generally* Dkt. Nos. 8, 9. In fact, they generally do not set out any factual allegations at all but instead just repeat the elements of particular causes of action. *See id.* It appears that the construed motion for judicial relief may have intended to add additional defendants, but it is not clear from the pleading who the additional defendants are or what the bases for any claims against them would be. *See* Dkt. No. 8 at 10-21. But the same is true for Torres.

Jones also filed a second document titled "Amended Complaint." *See* Dkt. No.

18. But that document appears to be more appropriately construed as an attempt to obtain summons for additional individuals named in the construed motion for judicial relief [Dkt. No. 8]. If it is construed as a proposed second amended complaint, it would be futile under Rule 15(a). *See Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir. 2023) ("If the [pleading], as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022))). Like the construed motion for judicial relief, the "Amended Complaint" simply lists defendants to be added but does not allege any factual basis to support any claims against them.

For these reasons, Jones's allegations cannot support a default judgment. And these reasons demonstrate why the Court should now *sua sponte* dismiss the amended complaint.

Although the denial of Jones's IFP motion prevented the Court's screening of his allegations under Section 1915, the Court may still "consider the sufficiency of the complaint on its own initiative." *Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (citation omitted); *see also Bell v. Valdez*, 207 F.3d 657 (table), 2000 WL 122411, at *1 n.1 (5th Cir. Jan. 4, 2000) (per curiam) ("[I]t is well-established that the district court may dismiss a complaint on [Federal Rule of Civil Procedure] 12(b)(6) grounds *sua sponte*." (citations omitted)).

"The broad rule is that 'a district court may dismiss a claim on its own motion as long as the procedure employed is fair.' More specifically, 'fairness in this context

requires both notice of the court's intention and an opportunity to respond' before dismissing *sua sponte* with prejudice." *Carver v. Atwood*, 18 F.4th 494, 498 (5th Cir. 2021) (citations omitted).

A magistrate judge's findings, conclusions, and recommendations provide notice, and the period for filing objections to them affords the parties an opportunity to respond. *See, e.g.*, *Starrett v. U.S. Dep't of Defense*, No. 3:18-cv-2851-M-BH, 2018 WL 6069969, at *2 (N.D. Tex. Oct. 30, 2018) (citations omitted), *rec. accepted*, 2018 WL 6068991 (N.D. Tex. Nov. 20, 2018), *aff'd*, 763 F. App'x 383 (5th Cir.) (per curiam), *cert. denied*, 140 S. Ct. 142 (2019).

And, so, while the undersigned finds that grounds for *sua sponte* dismissal exist, the opportunity to file objections to these findings, conclusions, and recommendation (as further explained below) allows Jones an opportunity to show that this case should not be dismissed and that the Court should instead grant leave to amend. *See Carver*, 18 F.4th at 498; *Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

And the Court should dismiss this lawsuit with prejudice if Jones fails to file timely objections that show a basis to amend to allege a plausible claim – that is, one

supported by "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## Recommendation

The Court should deny Plaintiff Michael D. Jones's request for default judgment [Dkt. No. 20], and unless he shows through timely objections a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v.*

*United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: March 25, 2025

                                                  _____

                                                  DAVID L. HORAN  
                                                  UNITED STATES MAGISTRATE JUDGE